1

2

3

4

5

6

HONORABLE RONALD B. LEIGHTON

7        IN THE UNITED STATES DISTRICT COURT

8      FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

9

10

LLOYD CLEMANS, on behalf of himself and
all similarly situated persons and entities,

CASE NO. 3:12-cv-05186

11                    Plaintiffs,

12           v.

13

14   NEW WERNER CO. d/b/a WERNER CO., a
     Delaware corporation;

15   NEW WERNER HOLDING CO (DE), LLC
     d/b/a WERNER HOLDING CO.; a Delaware

16   corporation;
     LOWE'S COMPANIES, INC., a North

17   Carolina corporation; and
     LOWE'S HOME CENTERS, INC., a North

18   Carolina corporation

19                    Defendants.

**ORDER (1) GRANTING
PRELIMINARY APPROVAL TO THE
PROPOSED SETTLEMENT; (2)
PROVISIONALLY CERTIFYING THE
PROPOSED SETTLEMENT CLASS; (3)
APPROVING THE PROPOSED NOTICE
PLAN AND FORMS OF NOTICE; AND
(4) SCHEDULING THE FINAL
FAIRNESS HEARING**

20

21        The Parties have submitted for this Court's review a proposed Class Action Settlement

22   Agreement resolving all claims in this action asserted by Plaintiff Lloyd Clemans ("Plaintiff")

23   against Defendants Werner Co., New Werner Holding Co., Inc. (collectively "Werner"),

24   Lowe's HIW Inc. and Lowe's Home Centers, Inc. (collectively "Lowe's").[1] Having reviewed

25   _____

26   [1]Werner and Lowe's are jointly referred to further in this Order as "Defendants".  Plaintiff and the Defendants are
     jointly referred to herein as the "Parties."

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1   the Settlement Agreement, the Parties' Joint Motion for an Order Granting Preliminary

2   Approval to the Proposed Class Action Settlement, and the files and records of this case, the

3   Court now FINDS, CONCLUDES, and ORDERS as follows:

4   **I.      CERTIFICATION OF SETTLEMENT CLASS**

5           Solely for the purposes of effectuating the proposed Settlement, the Parties have

6   proposed certification of the following Settlement Class under Federal Rule of Civil Procedure

7   23 (the "Nationwide Settlement Class," "Settlement Class," or "Class"):

8
9               All individual persons or entities in the United States who currently
                own a Werner Model S2208 or S2210 steel attic ladder designated as
10              Marks 1, 2, 3 or 4 (an attic ladder which was manufactured from
                September 2003 to September 2005 and contains one or more cast zinc
11              hinges).

12              Excluded from the Class are the Judge assigned to this matter and any
                member of the Judge's staff and immediate family.
13

14  This Rule 23 Class alleges the following causes of action: (i) violations of the Washington

15  Consumer Protection Act, RCW 19.86.020 *et seq*., and the Consumer Protection and/or Unfair

16  Business Practice Acts arising under thirty-three (33) other States and the District of Columbia,

17  (ii) unjust enrichment, (iii) negligent misrepresentation, (iv) fraudulent concealment and (v)

18  violation of Washington's Product Liability Act, chapter 7.72 RCW, *et seq*. Specifically, the

19  Class alleges that beginning in 2003, Werner n/k/a Old Ladder Co (now bankrupt) began the

20  manufacture and/or distribution of a Steel "Easy Access Attic Ladder" in Model Numbers

21  S2208 and S2210, Marks 1, 2, 3 or 4 (the "Ladders") which contained defective zinc hinges that

22  are prone to breaking and shearing while the Ladders are being used and thus are not safe to

23  use. The Class further alleges that Defendants were aware of this fact and concealed that fact

24  from consumers.

25

26

ORDER GRANTING PRELIMINARY APPROVAL- 2

Werner and Lowe's both maintain that they did not manufacture the Ladders and, instead, the Ladders were made by a defunct company that properly went through bankruptcy and, thus, discharged any liability asserted herein with respect to the Ladders.  Defendants further maintain that the Ladders were not defective and that any product failures consumers experienced were caused by improper installation or usage. Lastly, Defendants maintain that they were unaware of the alleged defect.

The Court hereby FINDS and CONCLUDES that the proposed nationwide Class satisfies all of the requirements for certification under Rule 23(a) and Rule 23(b)(3). Certification of a nationwide class is appropriate in part because Defendants do not object to class certification in the context of this Settlement. The Court takes guidance in its consideration of certification issues from *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998), which affirmed a nationwide class settlement against an automobile manufacturer concerning an allegedly defective rear lift gate latch.

**Numerosity:**  The Parties agree that some three hundred thousand U.S. consumers nationwide purchased the Ladders at issue in this matter. As such, the Class is sufficiently numerous (approximately three hundred thousand) that joinder is impracticable.

**Common Questions of Law and Fact:** The test for common questions of law and fact is "qualitative rather than quantitative—one significant issue common to the class may be sufficient to warrant certification." *See Gray's Harbor Adventist Christ School v. Carrier Corp.,* 242 F.R.D. 568, 572 (W.D. Wash. 2007).  As this Court similarly found in the *Carrier Corp.* decision, the members of the Class share common issues of fact and law for certification for settlement purposes regarding (1) whether the Ladders were defective; (2) whether Defendants knew or should have known about the alleged hinge related defect; (3) whether

ORDER GRANTING PRELIMINARY APPROVAL- 3

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1    Defendants had a duty to disclose that alleged defect; (4) whether Defendants concealed that

2    alleged defect from the class; (5) whether the facts that were allegedly not disclosed were

3    material; and (6) whether the alleged failure to disclose violated the Washington Consumer

4    Protection Act.  For certification for settlement purposes, these issues are common issues that,

5    if resolved for one class member, will be resolved for all class members.  *See Wal-Mart Stores,*

6    *Inc. v. Dukes,*  131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011) (requiring that class members'

7    claims "depend upon a common contention . . . [whose] truth or falsity will resolve an issue

8    that is central to the validity of each one of the claims in one stroke.").  These issues are

9    common contentions that satisfy Rule 23(a)(3) for settlement purposes.

10

11          **Adequacy:**  Under Rule 23(a)(4), the Plaintiff seeking to represent a class must be able

12   to "fairly and adequately protect the interests" of all class members. Fed.R.Civ.P. 23(a)(4).

13   "Resolution of two questions determines legal adequacy: (1) do[es]the named plaintiff[ ] and

14   [his] counsel have any conflicts of interest with other class members and (2) will the named

15   plaintiff[ ] and his counsel prosecute the action vigorously on behalf of the class?" *Hanlon,* 150

16   F.3d at 1020. Here, the Plaintiff seeks relief identical to that which is sought by the remainder

17   of the class, namely economic damages flowing from the allegedly defective Ladders.  The

18   Plaintiff and the Class do not seek personal injury damages, and neither the Plaintiff nor the

19   Class are releasing any personal injury claims under the proposed Settlement.  Further, based

20   on the would-be class counsel's declarations and the litigation to this point, the Court is

21   satisfied that class counsel has sufficient experience, and that counsel will pursue the action

22   vigorously. Lastly, the Court observes that the benefit to the Class, which is the provision of a

23   brand new Werner attic ladder to all Class Members, presents a substantial and meaningful

24   benefit to the Class and, as such, obviates any concern that the proposed Settlement is fee

ORDER GRANTING PRELIMINARY APPROVAL- 4

driven.  *Id*. at 1022.  The Court therefore determines that named Plaintiff and his counsel will fairly and adequately represent the Class for certification for settlement purposes.

**Typicality:** Representative claims are typical of the class claims if they are "reasonably coextensive with those of the absent class members." *Carrier Corp.,* 242 F.R.D. at 572, citing *Hanlon* 150 F.3d at 1020.  Plaintiff has asserted claims which are typical of the other class members' claims in that each class member (1) owns the Ladder, (2) alleges that the Ladders had the same defect (namely a defective zinc hinge), (3) alleges that Defendants concealed a known defect in the Ladders, and (3) allegedly suffered injury from the ownership of a defective Ladder.  The Court therefore determines that the "typicality" requirement is satisfied under Rule 23(a)(3) for certification for settlement purposes.

**Common Questions Predominate:** As this Court has previously held in *Carrier Corp*, "common questions predominate" for certification for settlement purposes with respect to allegations of the product defect as alleged in the case at bar. One potential predominant common question is whether the Ladders are defective by design and/or manufacture, regardless of any individual factors such as installation and maintenance of the Ladders. *Carrier Corp.,* 242 F.R.D. at 573. Another potential predominant issue is whether and when Defendants knew about the defect, and whether they had a duty to disclose that fact to consumers. Class treatment here, in the context of the Settlement, will facilitate the favorable resolution of all Class members' claims. As stated the Ninth Circuit stated in the *Hamlon* decision when affirming a nationwide settlement class in a defective product action:

> A common nucleus of facts and potential legal remedies dominates this litigation. … In this case, although some class members may possess slightly differing remedies based on state statute or common law, the actions asserted by the class representatives are not sufficiently anomalous to deny class certification. On the contrary, to the extent distinct remedies

ORDER GRANTING PRELIMINARY APPROVAL- 5

1       exist, they are local variants of a generally homogenous collection of
2       causes which include products liability, breaches of express and implied
     warranties, and "lemon laws." Individual claims based on personal injury
3       or wrongful death were excluded from the class. Thus, the idiosyncratic
     differences between state consumer protection laws are not sufficiently
4       substantive to predominate over the shared claims.

5  *Hanlon,* 150 F.3d at 1022. Likewise, the issues involving whether the Ladders are defective

6  predominate under Rule 23(b)(3) for certification for settlement purposes. *See also*, *Levya v.*

7  *Medline Industries, Inc*., No. 11-56849, 2013 U.S. LEXIS 10649 (9th Cir. May 28, 2013)

8       **Superiority:** Given the large numbers of Class members and the multitude of common

9  issues present, use of the class device is also the most efficient and fair means of adjudicating

10 the claims that arise out of Defendants' alleged misconduct. Class treatment in the settlement

11 context is superior to multiple individual suits or piecemeal litigation because it greatly

12 conserves judicial resources and promotes consistency and efficiency of adjudication. For these

13 reasons, the superiority requirement is satisfied for certification for settlement purposes.

14

15 *Hanlon,* 150 F.3d at 1023.

16      Because certification of the Rule 23 Class is proposed in the context of a settlement, the

17 Court need not inquire whether the case, if tried as a class action, would present intractable

18 management problems. Accordingly, and for the reasons set forth above, the Court hereby

19 CERTIFIES for settlement purposes only the Rule 23 Classes under Rule 23(a) and Rule

20 23(b)(3).

21

22 **II.**      **APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**

23      The Court finds that Class Representative Lloyd Clemans possesses claims typical of

24 absent class members belonging to the nationwide Class and is an adequate representative of

25 those class members for purposes of settlement. The Court appoints Plaintiff to serve as the

26 Class Representative for purposes of settlement.

ORDER GRANTING PRELIMINARY APPROVAL- 6

**Tousley Brain Stephens PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

The Court finds that Plaintiff's counsel TOUSLEY BRAIN STEPHENS, PLLC and WATSON BURNS, PLLC have, separately and collectively, extensive experience and expertise in prosecuting complex class cases involving defective products. The Court appoints these firms as Class Counsel. The Court further finds that FARRIS BOBANGO, PLC and S.D. MATTHEWS & ASSOCIATES have substantial experience in litigating product defect cases, have extensive knowledge of the Ladders at issue in this matter and, having ably assisted Class Counsel, are hereby appointed Co-Class Counsel.

## III.    PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

The Court has reviewed the terms of the Settlement Agreement, including, in particular, the proposed method by which the Class members may receive a new Werner attic ladder (either a wooden attic ladder with a stated load capacity of 250 lbs or, if the Class Member qualifies for a higher load capacity, an aluminum replacement attic ladder, which meets or exceeds a 300-pound load capacity) and the release of claims. The Court has also read and considered the declarations of the Plaintiff Lloyd Clemans and his designated counsel Frank L. Watson III, Kim D. Stephens, Paul C. Peel and Stewart D. Matthews in support of preliminary approval. Based on review of those papers, and the Court's familiarity with this case, the Court concludes that the proposed Settlement is the result of extensive, arms-length negotiations between the parties after Class Counsel had investigated the claims extensively and become familiar with the strengths and weaknesses of Plaintiff's case. These declarations confirm that attorney's fees and expenses were negotiated after all of the relief provided to the Class was resolved and, thus, reflect that that the proposed settlement is non-collusive. Based on all of these factors, the Court concludes that the proposed settlement has no obvious defects and is within the range of possible settlement approval, such that notice to the Class is appropriate.

ORDER GRANTING PRELIMINARY APPROVAL- 7

Neither the Settlement nor the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, constitutes or shall be construed as an admission or concession by any Party or by any of the Releasees of the truth of any of the allegations in this action, or of any liability, fault, or wrongdoing of any kind, and Defendants vigorously dispute any such allegations.

In the event that the Settlement Agreement is not approved by the Court or the settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms, the Parties shall be restored to their respective positions in the litigation existing immediately before the execution of the Settlement Agreement.  In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in this litigation or in any other proceedings for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

## IV.   APPROVAL OF THE FORM AND MANNER OF DISTRIBUTING NOTICE AND CLAIM FORM

The Parties have also submitted for this Court's approval a proposed Notice of Proposed Class Action Settlement ("Long Notice"), and an abbreviated notice for publication ("Publication Notice"), and a proposed Claim Form, each of which the Court has carefully reviewed. The Court FINDS and CONCLUDES as follows:

The proposed Long Notice and Publication Notice are sufficient in detail to provide the best notice practicable under the circumstances. Each of the proposed forms of Notice allows Class Members a full and fair opportunity to consider the proposed Settlement.

The proposed plan for distributing the forms of Notice and Claim Form likewise is a reasonable method calculated to reach as many individuals as reasonably possible who would

ORDER GRANTING PRELIMINARY APPROVAL- 8

be bound by the Settlement. The Court appoints Kurtzman Carson Consultants, LLC as the Settlement Administrator in accordance with the terms of the Settlement Agreement and finds that Kurtzman Carson Consultants, LLC (the "Settlement Administrator") has sufficient knowledge, skill and expertise to effectively distribute the Notice and to handle the administration of claims to be submitted by the Class. The Settlement Administrator shall distribute the Long Notice and Claim Form to all Class Members for whom the Parties possess mailing addresses by First Class United States Mail. In addition, Lowe's will direct each of its approximately 1,700 retail stores  to post the Publication Notice in the stores.

The Publication Notice will also appear once in the *USA Today*, a nationally distributed newspaper, in the legal classified section, as well as in *People* magazine, a nationally distributed magazine. The Publication Notice shall occupy at least ¼ of a page in both the *USA Today* and *People*.

The Settlement Administrator shall also cause a summary notice to be placed in Internet banner advertising through 24/7 Real Media Networks advertising network. These banner advertisements shall allow website visitors to self-identify themselves as potential Class Members and then access a link that will take them directly to the settlement website.  The Long Notice, Settlement Agreement and other documents will also be available online at www.atticladdersettlement.com. The website will be registered with hundreds of search engines to ensure that it is easy to find on the web.

Additionally, a summary notice will be distributed over PR NEWSWIRE announcing the settlement to media outlets across the country.  PR NEWSWIRE is accessible to thousands of newspapers, magazines, national wire services and networks, online services, databases and websites.  The summary notice will provide a web address that will take them to the settlement

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1    website, which will include, among other documents, the Long Notice and Settlement
2    Agreement.

3         The forms of Notice fairly, plainly, accurately, and reasonably inform Class members
4    of: (1) appropriate information about the nature of this litigation, the Settlement, the Class
5    definition, the identity of Class Counsel, and the essential terms of the Settlement, including the
6    new Werner ladder; (2) appropriate information about Class Counsel's forthcoming application
7    for attorneys' fees and the proposed incentive award to the Class Representative; (3)
8    appropriate information about how to participate in the Settlement; (4) appropriate information
9    about this Court's procedures for final approval of the Settlement, and about Class Members'
10   right to appear through counsel if they desire; (5) appropriate information about how to
11   challenge or opt-out of the Settlement, if they wish to do so; and (6) appropriate instructions as
12   to how to obtain additional information regarding this litigation and the Settlement.  In
13   addition, pursuant to Rule 23(c)(2)(B)(vii), the Notice informs Class Members that any Class
14   Member who fails to opt-out will be prohibited from bringing a lawsuit against Defendants
15   based on or related to any of the claims asserted by Plaintiff.
16
17        Similarly, the proposed Claim Form allows eligible claimants a full and fair opportunity
18   to submit a claim for the new Werner attic ladder in connection with the Settlement. The Claim
19   Form fairly, accurately, and reasonably informs potential claimants that failure to complete and
20   submit a Claim Form, in the manner and time specified, shall constitute a waiver of any right to
21   obtain the benefits pursuant to the Settlement terms. As such, the proposed plan for distributing
22   the forms of Notice and Claim Form ("Notice Materials") will provide the best notice
23   practicable, satisfies the notice requirements of Rules 23(c)(2)(B) and 23(e), and satisfies all
24   other legal and due process requirements.
25
26

ORDER GRANTING PRELIMINARY APPROVAL- 10

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

# V. PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

## A. Fairness Hearing

The Court hereby schedules a Final Approval Hearing to determine whether to grant final certification of the Rule 23 Settlement Class and final approval of the Settlement Agreement (including the relief to the Class, the payment of attorneys' fees and costs, and the incentive award to the Class Representative) (the "Final Approval Hearing" or "Fairness Hearing") for November 22, 2013 at 1:30 p.m.  This Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Class Members.

## B. Duties of Claims Administrator

The Court appoints Kurtzman Carson Consultants, LLC as the Settlement Administrator in accordance with the terms of the Settlement Agreement and finds that the Settlement Administrator has sufficient knowledge, skill and expertise to effectively distribute the Notice and to handle the administration of claims to be submitted by the Class. The parties hereto are hereby ordered to instruct the Settlement Administrator to carry out all of its obligations as defined in Section IV herein and to effectuate the described notice within 30 days of entry of this Order.

## C. Deadline to Request Exclusion from the Settlement

Class Members may exclude themselves from, or opt-out of, the Settlement. Any request for exclusion must be in the form of a written "opt-out" statement sent to the Settlement Administrator. To be effective, any opt-out statement must be sent to the Settlement Administrator via First Class United States Mail, facsimile, or the equivalent, postmarked no later than 40 days after the last appearance of the Publication Notice. The written statement must include: (i) the Class Member's name, address, telephone number, and last four digits of

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   the Class Member's social security number; (ii) the exact statement: "I request to be excluded

2   from the settlement class.  I understand that this exclusion means that I will not receive any

3   benefit available under the proposed settlement." Only those Class Members who request

4   exclusion in the time and manner set forth in the Long Notice shall be excluded from the

5   Settlement. Pursuant to Federal Rules of Civil Procedure 23(b)(3) and (c)(2), the terms and

6   provisions of the Settlement shall have no binding effect on any person who makes a timely

7   request for exclusion in the manner required by this Order and the Long Notice. Any Class

8   Member who does not submit a timely, written request for exclusion from the Settlement will

9   be bound by all proceedings, orders, and judgments in this Action.

10

11          The Settlement Administrator shall date stamp the original of any opt-out statement

12   and serve copies on both Class Counsel and counsel for Defendants via email delivery within

13   five (5) business days of receipt of such statements. Class Counsel shall file copies of all timely

14   requests for exclusion with the Court prior to the Fairness Hearing.

15          **D.          Deadline for Filing Objections to Settlement**

16

17          Any Class Member who wishes to object to the fairness, reasonableness or

18   adequacy of the Settlement must do so in writing. To be considered, any objection to the final

19   approval of the Settlement must include the following:  (i) the Class Member's name, address,

20   and telephone number, (ii) the label from the Class Member's Werner Steel Attic Ladder S2208

21   or S2210, Marks 1, 2, 3 or 4 (or a receipt establishing that the Class Member purchased one of

22   the Ladders) and (iii) the specific reasons for the objection, including any legal support or

23   evidence the Class Member wishes to bring to the attention of the Court. The objection must be

24   filed with the Clerk of the Court, and mailed to the Settlement Administrator at the addresses

25   provided in the Notice, via First Class United States Mail, postage prepaid, postmarked no later

26

ORDER GRANTING PRELIMINARY APPROVAL- 12

than 40 days after the last appearance of the Publication Notice. Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived, and shall be foreclosed from raising, any such objection, unless otherwise ordered by the Court.

Class Members who have timely and properly objected to the Settlement in writing may also appear at the Fairness Hearing. In order to do so, the Class Member or his attorney must file a Notice of Intention to Appear with the Clerk of the Court on or before November 1, 2013, and mail a copy of the Notice to the Settlement Administrator so that it is postmarked by November 1, 2013.

If objections are filed, Class Counsel or counsel for Defendants may engage in discovery, including depositions, concerning the objections prior to the Fairness Hearing.

**E. Deadline for Submitting Claims Forms**

A Class Member who does not opt out may participate fully in the Settlement. To receive the new Werner attic ladder, such a Class Member must properly and timely complete a Claim Form in accordance with the terms of the Settlement Agreement. To be effective,  a valid Claim Form must be sent to the Settlement  Administrator at the address provided in the Notice postmarked no later than January 21, 2014.   Failure to postmark a completed Claim Form by the deadline shall bar the Class Member from receiving any benefit pursuant to the proposed Settlement. Class Members who do not submit timely and valid Claim Forms shall nonetheless be bound by the judgment and release in this action as set forth in the proposed Settlement Agreement, unless that Class Member timely opts out of the Settlement.

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**F.    Deadline for Submitting Motion Seeking Final Approval**

No later than twenty-five (25) days before the Fairness Hearing, Plaintiff shall file a Motion for Final Approval of the Settlement. On or before one week before the Fairness Hearing, the Parties may file with the Court reply brief(s) responding to any filed objections.

**G.    Deadline for Petition for Attorneys' Fees**

Class Counsel shall file with this Court their petition for an award of attorneys' fees and reimbursement of expenses no later than twenty-five (25) days before the Fairness Hearing. Class Counsel may file a reply to any opposition memorandum filed by any objector no later than one week before the Fairness Hearing.

**VI.    PLAINTIFF'S AND CLASS MEMBERS' RELEASE**

If, at the Fairness Hearing, this Court grants final approval to the Settlement, the Plaintiff and each individual member of the Rule 23 Settlement Class who does not timely opt-out will release claims, as set forth in Settlement Agreement and Claim Form, by operation of this Court's entry of the Judgment and Final Approval, regardless of whether he or she submits a Claim Form or receives any benefit from the Settlement.

**VII.    INJUNCTION**

This Court hereby preliminarily enjoins all Class Members unless and until they have timely excluded themselves from the Settlement from: (i) filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances alleged in this Action and/or relating to the Released Claims (as defined in Section 19 of the Settlement

ORDER GRANTING PRELIMINARY APPROVAL- 14

Agreement); (ii) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims; and (iii) attempting to effect a mass opt-out of Class Members or a class of individuals for claims and causes of action included within the Released Claims;

**IN LIGHT OF THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. The proposed Settlement is hereby PRELIMINARILY APPROVED. Final approval is subject to the hearing of any objections of members of the Settlement Class.

2. The proposed Settlement Class is provisionally certified for the sole purpose of effectuating the Settlement.

3. Lloyd Clemans is appointed as the Class representative.

4. TOUSLEY BRAIN STEPHENS, PLLC and WATSON BURNS, PLLC are appointed as Class Counsel, and FARRIS BOBANGO, PLC and S.D. MATTHEWS & ASSOCIATES are appointed Co-Class Counsel.

5. The Notice Plan is hereby APPROVED as follows:

    A. The form of the Notice Materials is approved.

    B. The manner of distributing the Notice Materials set forth above is approved.

    C. Promptly following the entry of this Order, the Settlement Administrator shall prepare final versions of the Notice Materials, incorporating into the Notice the relevant dates and deadlines set forth in this Order.

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

   D. Within five (5) days following entry of this Order, Werner

2

shall provide the Settlement  Administrator a database listing all known Class Members

3

addresses.

4

   E. Within thirty (30) days of the date of this Order, the Settlement

5

Administrator shall take steps to distribute the Publication Notice as set forth above and shall

6

commence mailing, via First Class United States Mail, the Notice Materials to all known Class

7

Members at their last known address. At this same time, the Settlement Administrator shall also

8

mail a notice of the Settlement to the Attorney General of the United States and to the

9

appropriate State official in each State in which there are Class Members as required by and in

10

accordance with the Class Action Fairness Act, including each of the required items identified

11

in 28 U.S.C. § 1715(b).

12

   F. The Settlement Administrator shall take reasonable steps to obtain the

13

correct address of any Class Members for whom the Notice Materials are returned by the post

14

office as undeliverable and otherwise to provide the Notice. The Settlement Administrator will

15

re-mail to the correct address or most recent address available. The Settlement Administrator

16

shall promptly notify Class Counsel of any mail sent to Class Members that is returned as

17

undeliverable after the first mailing as well as any such mail returned as undeliverable after any

18

subsequent mailing.

19

   G. In the event a Claim Form is submitted timely but is deficient in

20

one or more aspects, the Settlement Administrator shall call the Class Member who submitted

21

the Claim Form, or email or mail a notice to the Class Member, indicating the deficiencies and

22

providing the Class Member an opportunity to cure the deficiencies and resubmit the Claim

23

24

25

26

ORDER GRANTING PRELIMINARY APPROVAL- 16

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Form within twenty (20) days from the date of the deficiency notice. A copy of the deficiency notice shall be sent to Class Counsel.

          H.     Class Counsel shall provide the Court, at least five (5) days prior to the Fairness Hearing, a declaration from the Settlement Administrator of due diligence and proof of mailing and publication of the Notice.

          I.     The Settlement Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

        6.     Further settlement proceedings in this matter shall proceed according to the following schedule:

          November 1, 2013:    Last day to file a Notice of Intent to Appear

          October 28, 2013:    Deadline to file Parties' Joint Motion for Final Approval and Plaintiff's Motion for Award of Attorneys' Fees and Incentive Award

          November 15, 2013:   Deadline to file Reply Memorandum in Support of Final Approval and Award of Attorneys' Fees and Incentive Award

          November 22, 2013 at 1:30 p.m.: Fairness Hearing

      DATED this 25th day of July, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PRELIMINARY APPROVAL- 17

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Presented by:

1

2

By: /s/ Kim D. Stephens_____
By: /s/ Mary B. Reiten_____

3

Kim D. Stephens, WSBA #11984
Mary B. Reiten, WSBA # 33623

4

TOUSLEY BRAIN STEPHENS, PLLC
1700 Seventh Avenue

5

Suite 2200

6

Seattle, Washington 98101-4416
Phone: (206) 682-5600

7

Fax: (901) 682-2992

8

Email: kstephens@tousley.com
        mreiten@tousley.com

9

By: /s/ Frank L. Watson, III_____

10

Frank L. Watson, III (admitted *pro hac vice*)
William F. Burns (admitted *pro hac vice*)

11

WATSON BURNS, PLLC

12

253 Adams Avenue
Memphis, Tennessee 38103

13

Phone: (901) 529-7996

14

Fax: (901) 529-7998
Email: fwatson@watsonburns.com

15

Email: bburns@watsonburns.com

16

By: /s/ Paul C. Peel_____

17

Paul C. Peel (admitted *pro hac vice*)
Malcolm B. Futhey III (admitted *pro hac vice*)

18

FARRIS BOBANGO, PLC

19

253 Adams Avenue
Memphis, Tennessee 38120

20

Phone: (901) 259-7100

21

Fax: (901) 259-7150
Email: ppeel@farris-law.com.

22

Email: mfuthey@farris-law.com

23

24

25

26

ORDER GRANTING PRELIMINARY APPROVAL- 18

1    By:  /s/ Stewart D. Matthews
     Stewart D. Matthews (admitted pro hac vice)
2    S.D. MATTHEWS & ASSOCIATES
     2222 West Spring Creek Parkway
3    Ste 101
     Plano, Texas 75023
4    Phone (972) 398-6666
     Fax (972) 398-6634
5    Email:  productslawyer@aol.com

6
     Counsel for Plaintiff Lloyd Clemans, and the absent Class Members
7

8

9    By:  /s/ Fred Burnside, WSBA #32491
10   Fred Burnside, WSBA #32491
     DAVIS WRIGHT TREMAINE LLP
11   1201 Third Avenue, Suite 2200
     Seattle, Washington  98101-3045
12   Telephone:  (206) 622-3150
     Facsimile:  (206) 757-7700
13   Email:  fredburnside@dwt.com

14

15   By:  /s/ Christopher M. Murphy
     Christopher M. Murphy (admitted pro hac vice)
16   MCDERMOTT WILL & EMERY
     227 West Monroe Street
17   Chicago, Illinois 60606-5096
     Phone: (312) 984-3607
18   Facsimile: (312) 984-7700
19   Email:  cmurphy@mwe.com

20

21   Attorneys for Defendants
     5624.001/271222.2
22

23

24

25

26

ORDER GRANTING PRELIMINARY APPROVAL- 19

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992