HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

LLOYD CLEMANS, on behalf of himself and all similarly situated persons and entities,

                   Plaintiffs,

      v.

NEW WERNER CO. d/b/a WERNER CO., a Delaware corporation;
NEW WERNER HOLDING CO (DE), LLC d/b/a WERNER HOLDING CO.; a Delaware corporation;
LOWE'S COMPANIES, INC., a North Carolina corporation; and
LOWE'S HOME CENTERS, INC., a North Carolina corporation

                   Defendants.

CASE NO. 3:12-cv-05186

**ORDER AND FINAL JUDGMENT (1) GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; (2) FINALLY CERTIFYING SETTLEMENT CLASS; AND (3) FINALLY APPROVING THE PROPOSED NOTICE PLAN AND FORMS OF NOTICE**

      This matter came before this Court on November 22, 2013, for a final approval hearing for the settlement embodied in the Class Action Settlement Agreement, dated June 27, 2013 (the "Settlement Agreement") between Plaintiff Lloyd Clemans ("Plaintiff") against Defendants Werner Co., New Werner Holding Co., Inc. (collectively "Werner"), Lowe's HIW Inc. and

[PROPOSED] ORDER AND FINAL JUDGMENT (1) GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; (2) FINALLY CERTIFYING SETTLEMENT CLASS; AND (3) FINALLY APPROVING THE PROPOSED NOTICE PLAN AND FORMS OF NOTICE - 1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    Lowe's Home Centers, Inc. (collectively "Lowe's").[1] The Class Action Complaint alleges that

2    beginning in 2003, Werner n/k/a Old Ladder Co. (now bankrupt) began the manufacture and/or

3    distribution of a Steel "Easy Access Attic Ladder" in Model Numbers S2208 and S2210, Marks

4    1, 2, 3 or 4 (the "Ladders") which contained defective zinc hinges that are prone to breaking

5    and shearing while the Ladders are being used and thus are not safe to use.

6        The Plaintiff has filed suit alleging (i) violations of the Washington Consumer

7    Protection Act, RCW 19.86.020 *et seq.*, and the Consumer Protection and/or Unfair Business

8    Practice Acts arising under thirty-three (33) other States and the District of Columbia, (ii)

9    unjust enrichment, (iii) negligent misrepresentation, (iv) fraudulent concealment and (v)

10   violation of Washington's Product Liability Act, chapter 7.72 RCW, *et seq*.

11

12       Werner and Lowe's both maintain that they did not manufacture the Ladders and,

13   instead, the Ladders were made by a defunct company that properly went through bankruptcy

14   and, thus, discharged any liability asserted herein with respect to the Ladders.  Defendants

15   further maintain that the Ladders were not defective and that any product failures consumers

16   experienced were caused by improper installation or usage. Lastly, Defendants maintain that

17   they were unaware of the alleged defect.

18

19       The parties have resolved this dispute and the proposed Class Action Settlement

20   provides a mechanism for Class Members to receive a new Werner attic replacement ladder but

21   does not release any personal injury claims.

22

23       On July 25, 2013, this Court entered an Order (1) Granting Preliminary Approval to the

24   Proposed Settlement; (2) Provisionally Certifying the Proposed Settlement Class; (3)

25

26   _____
     [1]Werner and Lowe's are jointly referred to further in this Order as "Defendants".  Plaintiff and the Defendants are
     jointly referred to herein as the "Parties."

[PROPOSED] ORDER AND FINAL JUDGMENT (1) GRANTING FINAL APPROVAL OF
CLASS SETTLEMENT; (2) FINALLY CERTIFYING SETTLEMENT
CLASS; AND (3) FINALLY APPROVING THE PROPOSED
NOTICE PLAN AND FORMS OF NOTICE - 2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1
2
Approving the Proposed Notice Plan and Forms of Notice; and (4) Scheduling the Final

Fairness Hearing for November 22, 2013 (the "Preliminary Approval Order").

3
4
5
6
7
8
9
10
11
12
On October 28, 2013, in conjunction with Plaintiffs' Motion for Final Approval of

Class Action Settlement, Phil Cooper of Kurtzman Carson Consultants, LLC ("KCC"), the

Court-approved Settlement Administrator and notice provider in this matter, filed a declaration

confirming the timely distribution to the Settlement Class of the Class Notice, Claim Form, and

Publication Notice required by the Preliminary Approval Order. Of approximately 300,000

Class Members, only four (4) individuals have opted out. (Cooper Decl. at ¶ 17). A complete

and accurate list of Class Members who opted out is attached to this Order as **Exhibit A** and

are not bound by this Court's further Orders in this litigation. Those Class Members on Exhibit

A shall not share in the benefits of the Settlement.

13
14
15
16
17
18
On November 22, 2013, this Court held a fully noticed formal fairness hearing to

consider whether to grant final approval to the Settlement, and to consider Class Counsel's

application for an award of attorneys' fees and costs. The Court conducted a hearing, during

which the Court heard argument from the parties and all others who appeared, whether

represented by counsel or not.

19
20
21
22
23
Having read, reviewed and considered the papers filed with this Court, the oral

arguments of counsel, and the written and oral comments of all those who have

appeared in these proceedings, and based on its familiarity with this matter, this Court finds

and concludes as follows:

24
25
26

[PROPOSED] ORDER AND FINAL JUDGMENT (1) GRANTING FINAL APPROVAL OF
CLASS SETTLEMENT; (2) FINALLY CERTIFYING SETTLEMENT
CLASS; AND (3) FINALLY APPROVING THE PROPOSED
NOTICE PLAN AND FORMS OF NOTICE - 3

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1

2

**I.      THE CLASS NOTICE COMPLIED WITH THIS COURT'S ORDERS AND APPLICABLE LEGAL STANDARDS & THIS COURT HAS JURISDICTION**

3

4

This Court has jurisdiction over the claims of the Class Members asserted in this action,

5

personal jurisdiction over the settling parties (including the Class Members), and subject matter

6

jurisdiction to approve this Settlement.  On July 25, 2013, this Court ordered that Class Notice

7

be disseminated in substantially the form submitted by Plaintiffs at the preliminary approval

8

hearing, and further specified the manner in which such dissemination should occur. Based

9

upon the uncontroverted proof that KCC submitted to the Court, this Court finds that the

10

settling parties have complied with the Court's Orders, as follows:

11

12

The Court-approved Class Notice was mailed directly to 15,408 potential Class

13

Members whose addresses were available through Werner's business records.  (Cooper Decl. at

14

¶ 14). The Class Notice also appeared in nationally distributed editions of *People* magazine and

15

*U.S. Today* and a summary notice was distributed over PR NEWSWIRE announcing the

16

settlement to media outlets across the country.  (*Id.* at ¶ 13). The Settlement Administrator also

17

caused a summary notice to be placed in Internet banner advertising through 24/7 Real Media

18

Networks advertising network.  Lowe's also directed the posting of the Publication Notice in its

19

approximately 1,700 retail stores.

20

21

Further, the Settlement Administrator established a Court-approved website,

22

www.atticladdersettlement.com, where Class Members could and can download Claim Forms

23

and obtain information regarding the Settlement. The website was registered with hundreds of

24

search engines to ensure that it was easy to find on the internet.  The Claims

25

Administrator also established a toll-free number for Class Members to learn more

26

about the Settlement.

[PROPOSED] ORDER AND FINAL JUDGMENT (1) GRANTING FINAL APPROVAL OF
CLASS SETTLEMENT; (2) FINALLY CERTIFYING SETTLEMENT
CLASS; AND (3) FINALLY APPROVING THE PROPOSED
NOTICE PLAN AND FORMS OF NOTICE - 4

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Settlement Administrator also provided notice of the Settlement Agreement to the U.S. Attorney General and the Attorney Generals of all fifty states and the District of Columbia, as required by 28 U.S.C. § 1715(b).  (Cooper Decl. at ¶ 21). The Court finds and concludes that the Class Notice and the notice program as a whole provided the best practicable notice to the members of the Class under the circumstances, and satisfies the requirements prescribed by the United States Supreme Court. *See*, *Phillips Petroleum Co. v. Shutts* (1985) 472 U.S. 797, 811-12; *Eisen v Carlisle and Jacqueline*, 417 U.S. 156, 174-175 (1974).  The Notice clearly described the boundaries of the Class definition, the basis for the lawsuit, the terms and provisions of the Settlement, the remedies available to Class Members, the proposed method for benefit distribution, the proposed amount of the Named Plaintiff service award, and the requested amount for attorneys' fees and costs. *See*, *Churchill Village, LLC v. General Electric*, 361 F.3d 566, 576 (9th Cir. 20040("Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard").

The Notice described the proposed Settlement with enough specificity to allow each Class Member to make an informed choice whether to (a) accept and participate in it, (b) to opt out of it to preserve the right to bring a separate action, or (c) to object to it. The Notice explained the procedure by which a Class Member could take any such action. Finally, the Notice provided the schedule for the Final Fairness Hearing, and informed Class Members how to obtain additional information from Class Counsel or the Claims Administrator about the Settlement.   Accordingly, the Court finds and concludes that the method and content of the Notice satisfied all applicable legal requirements.

[PROPOSED] ORDER AND FINAL JUDGMENT (1) GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; (2) FINALLY CERTIFYING SETTLEMENT CLASS; AND (3) FINALLY APPROVING THE PROPOSED NOTICE PLAN AND FORMS OF NOTICE - 5

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1
2

## II.     THE SETTLEMENT IS FAIR, ADEQUATE AND REASONABLE

3
4
5
6
7
8
9
10
11

When considering a motion for final approval of a class action settlement under Rule 23, the court's inquiry is whether the settlement is "fair, adequate, and reasonable." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).  A settlement is fair, adequate, and reasonable when "the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." MANUAL FOR COMPLEX. LITIG., Fourth, § 30.42 (2004). The decision to approve or reject a proposed settlement is committed to the Court's sound discretion. *See, City of Seattle*, 955 F.2d at 1276; *see also*, *Linney*, 955 F.3d at 1242.

12
13
14
15
16
17
18

In affirming the settlement approved by the trial court in *City of Seattle*, the Ninth Circuit noted that it "need not reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Id.* at 1291 (internal quotations and citations omitted). The district court's ultimate determination "will involve a balancing of several factors," which may include:

19
20
21
22

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel . . . and the reaction of the class members to the proposed settlement.

23

*Id.* (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982)).

24
25
26

This Court begins its analysis with a presumption that a class settlement is fair and should be approved if it is the product of arm's-length negotiations conducted by capable counsel with extensive experience in complex class action litigation. *See*, *M. Berenson Co. v.*

[PROPOSED] ORDER AND FINAL JUDGMENT (1) GRANTING FINAL APPROVAL OF
CLASS SETTLEMENT; (2) FINALLY CERTIFYING SETTLEMENT
CLASS; AND (3) FINALLY APPROVING THE PROPOSED
NOTICE PLAN AND FORMS OF NOTICE - 6

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

*Faneuil Hall Marketplace*, 671 F. Supp. 819, 822 (D. Mass. 1987).  Each of these factors is present here: Class Counsel has extensive experience in class action litigation, and they reached the Settlement with Defendants only after instituting litigation and conducting extensive investigation into factual merit of Class Claims and after extensive arm's-length negotiations and multiple settlement conferences concerning specific terms of the Settlement.

Further, the Court has considered each of the factors set forth in *City of Seattle* to determine whether the proposed Settlement warrants final approval. The Court finds, based on the record submitted, that the Settlement is fair, adequate, and reasonable in light of, *inter alia*, the following factors:

A.    The Value Of The Settlement, And The Substantial Benefits It Provides To Class Members

The Settlement provides relief for all of the approximately 300,000 Class Members in the United States who currently own a Werner Model S2208 or S2210 steel attic ladder designated as Marks 1, 2, 3 or 4 regardless of whether such Class Member has experienced a product failure.   All Class Members who submit a valid Claim Form will receive a free comparable replacement ladder shipped directly to their homes.

B.    The Settlement Serves The Interests of Class Members

Absent the Settlement, Plaintiffs would have had to obtain a class judgment against Defendants, including obtaining class certification covering the entire Class and prevailing on their legal claims. Such an outcome was by no means guaranteed. Indeed, based on the Declaration of Class Counsel, Werner had asserted that it did not actually manufacturer the ladder at issue in this litigation, contends the actual manufacturer has been discharged from liability in prior bankruptcy proceedings and that it bought the assets of the manufacturer free and clear from the bankruptcy estate.  Moreover, the outcome of trial and any appeals are

[PROPOSED] ORDER AND FINAL JUDGMENT (1) GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; (2) FINALLY CERTIFYING SETTLEMENT CLASS; AND (3) FINALLY APPROVING THE PROPOSED NOTICE PLAN AND FORMS OF NOTICE - 7

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

inherently uncertain and involve significant delay. The Settlement avoids these challenges and provides prompt, substantial relief for Class Members, which weighs in favor of final approval of the Settlement.

C.    The Amount of Investigation Completed At the Time of Settlement

By the time the parties reached the Settlement, they had compiled sufficient information and conducted extensive analyses to assess the strengths and weaknesses of their respective cases. Specifically, Class Counsel reviewed thousands of documents, and, together with Plaintiffs' experts, inspected multiple ladders to assess the nature and scope of the alleged defect.  In addition, Class Counsel reviewed and extensively analyzed Werner's claims regarding the bankruptcy discharge issues surrounding the true manufacturer of the ladder at issue.  By the time the Settlement was reached, the Parties had sufficient legal and factual bases to make a thorough appraisal of the adequacy of the Settlement.

D.    The Terms And Conditions Of The Proposed Settlement

The Settlement provides all eligible Class Members with a free comparable replacement ladder shipped directly to their homes.  The straight-forward claims process applies equally to all Class Members, and assistance is available—from Class Counsel and the Claims Administrator—for Class Members who need help in establishing eligibility for relief under the Settlement.

E.    The Views of Class Counsel

When assessing the fairness of a proposed settlement, the court must consider the views and experience of counsel. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Pincay Invs. Co. v. Covad Communs. Group, Inc.*, 90 Fed. Appx. 510, 511 (9th Cir. Cal 2004). Class Counsel in this case, who are experienced and skilled in class action litigation, support

[PROPOSED] ORDER AND FINAL JUDGMENT (1) GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; (2) FINALLY CERTIFYING SETTLEMENT CLASS; AND (3) FINALLY APPROVING THE PROPOSED NOTICE PLAN AND FORMS OF NOTICE - 8

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  the Settlement as fair, reasonable, and adequate, and in the best interests of the Class as a

2  whole.  Based on a review of Class Counsel's credentials and their bases for supporting the

3  Settlement, the Court finds that this factor weighs in favor of Settlement approval.

4         F.     The Expense And Likely Duration Of Litigation In The Absence Of A
   Settlement

5

6         Another factor courts consider in assessing the fairness of settlements is the complexity,

7  expense, and likely duration of the litigation had a settlement not been reached. *City of Seattle*,

8  955 F.2d at 1291. As discussed above, the Settlement guarantees a substantial recovery for the

9  Class while obviating the need for lengthy, uncertain, and expensive pretrial practice, trial, and

10  appeals. Even if the Class prevailed at trial, Defendants would likely appeal any adverse rulings

11  against it. Absent the proposed Settlement, Class Members would likely not obtain relief, if

12  any, for a period of years.

13

14         G.     The Presence Of Good Faith And The Absence Of Collusion

15         Courts should also consider the presence of good faith and the absence of collusion on

16  the part of the settling parties. Alba Conte & Herbert B. Newberg, Newberg on Class Actions

17  § 11.43 (4th ed. 2002). There is no indication of collusion or bad faith here, nor any allegations

18  thereof.  Furthermore, courts recognize that arm's-length negotiations conducted by competent

19  counsel are prima facie evidence of fair settlements. *In re Consolidated Pinnacle West*

20  *Securities*, 51 F.3d 194, 197 n.6 (9th Cir. 1995); *see also Berenson*, 671 F. Supp. at 822

21  (holding that where "a proposed class settlement has been reached after meaningful discovery,

22  after arm's-length negotiations by capable counsel, it is presumptively fair").  (*See* D.E. 65 and

23  68, Declarations of Stephens and Watson, respectively).

24         The proposed Settlement here is the result of intensive, arm's-length negotiations

25

26  between experienced attorneys who are highly familiar with class action litigation in general

[PROPOSED] ORDER AND FINAL JUDGMENT (1) GRANTING FINAL APPROVAL OF
CLASS SETTLEMENT; (2) FINALLY CERTIFYING SETTLEMENT
CLASS; AND (3) FINALLY APPROVING THE PROPOSED
NOTICE PLAN AND FORMS OF NOTICE - 9

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  and with the legal and factual issues of this case in particular. Multiple settlement conferences

2  resulted in a tentative agreement-in-principle reached on or around March 8, 2013. After

3  reaching this agreement, the parties conducted confirmatory discovery and continued to

4  negotiate in detail and in good faith over the months that followed to finalize the Settlement

5  Agreement.

6         H.      Class Members' Positive Reaction Supports Final Approval

7         Finally, and perhaps most importantly, the Settlement has already received a positive

8  response from the Class. The reaction of class members to a proposed settlement is an

9  important factor in determining whether a settlement is fair, adequate, and reasonable. *City of*

10 *Seattle*, 955 F.2d at 1291. A court may appropriately infer that a class action settlement is fair,

11 adequate, and reasonable when few class members object to it. *See, e.g.*, *Marshall v. Holiday*

12 *Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977). Indeed, a court can approve a class action

13 settlement as fair, adequate, and reasonable even over the objections of a significant percentage

14 of class members. *See, City of Seattle*, 955 F.2d at 1291-96.

15        Only one objection was lodged against the proposed Settlement by a one Robert A.

16 Roper, in which he asserts that he will not be able to install the replacement ladder on his own

17 and, thus, implies that the Settlement should include his anticipated installation costs. (D.E.

18 57). Subsequently, Mr. Roper withdrew his objection, asking the Court to fully approve all

19 aspects of the proposed settlement. (*See*, D. E. 71, Ex. A attached thereto). The Court accepts

20 Mr. Roper's withdrawal. Even in the absence of such withdrawal, however, the Court finds

21 that this single objection is without merit given, *inter alia*, that the subject ladders were

22 originally sold on a "do-it-yourself" basis and did not included the consumer's cost of

23 installation. Further, given the exceptional relief provided to the Class and the fact that the

[PROPOSED] ORDER AND FINAL JUDGMENT (1) GRANTING FINAL APPROVAL OF
CLASS SETTLEMENT; (2) FINALLY CERTIFYING SETTLEMENT
CLASS; AND (3) FINALLY APPROVING THE PROPOSED
NOTICE PLAN AND FORMS OF NOTICE - 10

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   Settlement represents a compromise, the lack of providing installation costs (which would vary

2   widely throughout the nation for each Class Member and, thus, would be unmanageable) does

3   not defeat the fairness of the proposed Settlement.

4        In addition, the named class representative supports the Settlement.  Further, out of an

5   estimated three hundred thousand Class Members, only four (4) have opted out of the

6   Settlement.  The scarcity of objections and requests to opt out of the Settlement both indicate

7   the broad, class-wide support for the Settlement and support its approval. The Court finds the

8   overwhelming non-opposition to and participation in the Settlement as strong indications of

9   Class Members' support for the Settlement as fair, adequate, and reasonable.

10

11        I.        Class Counsel Seek Reasonable Fees And A Reasonable Service Award

12        One final matter for the Court to consider in granting final approval to the Settlement is

13   the issue of attorneys' fees and costs and a service award to the Class Representative.  The

14   Court has considered and awarded Class Counsel's attorneys' fees and costs and a Service

15   Award by separate Order. Accordingly, the entire matter of the proposed Settlement having

16   been duly noticed, and having been fully considered by the Court,

17

18   **IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED THAT:**

19        1.        Unless otherwise provided herein, all capitalized terms in this Order shall have

20   the same meaning as set forth in the Settlement Agreement (the "Settlement Agreement"),

21   previously filed with this Court.

22        2.        The Court finds that notice to the Settlement Class has been completed in

23   conformity with the Preliminary Approval Order. The Court finds that this notice was the best

24   notice practicable under the circumstances, that it provided due and adequate notice of the

25   proceedings and of the matters set forth therein, and that it fully satisfied all applicable

26

[PROPOSED] ORDER AND FINAL JUDGMENT (1) GRANTING FINAL APPROVAL OF
CLASS SETTLEMENT; (2) FINALLY CERTIFYING SETTLEMENT
CLASS; AND (3) FINALLY APPROVING THE PROPOSED
NOTICE PLAN AND FORMS OF NOTICE - 11

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1   requirements of law and due process.

2      3.  The Court finds it has personal and subject matter jurisdiction over all claims

3   asserted in the Class Complaint with respect to all members of the Settlement

4   Class.

5      4.  The settlement of this Class action on the terms set forth in the Settlement

6   Agreement is approved as being fair, adequate and reasonable in light of the degree of recovery

7   obtained in relation to the risks faced by the Settlement Class in litigating the claims. The

8   Settlement Class is properly certified as a class as part of this settlement. The relief with

9   respect to the Settlement Class is appropriate, as to the individual members of the Settlement

10  Class and as a whole.

11

12     5.  The settlement is binding on all members of the Settlement Class. The

13  Settlement Class is defined as:  all individual persons or entities in the United States who

14  currently own a Werner Model S2208 or S2210 steel attic ladder designated as Marks 1, 2, 3 or

15  4 (an attic ladder which was manufactured from September 2003 to September 2005 and

16  contains one or more cast zinc hinges).  Excluded from the Class are the Judge assigned to this

17  matter and any member of the Judge's staff and immediate family.  As indicated and

18  specifically defined in the Settlement Agreement, claims for personal injury are specifically

19  excluded from the Settlement and are not being released in this litigation.   This Class satisfies

20  the requirements of Rule 23 and is properly certified pursuant to Rule 23(b)(3) for the purposes

21  of settlement.

22

23     6.  Class Members, except those listed on Exhibit A, must submit a valid, verified

24  Claim Form in accordance with the terms of the Settlement Agreement and Claim Form,

25

26

[PROPOSED] ORDER AND FINAL JUDGMENT (1) GRANTING FINAL APPROVAL OF
CLASS SETTLEMENT; (2) FINALLY CERTIFYING SETTLEMENT
CLASS; AND (3) FINALLY APPROVING THE PROPOSED
NOTICE PLAN AND FORMS OF NOTICE - 12

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

including proof of purchase or the ladder label, to the Settlement Administrator by January 21, 2013.

7.      All members of the Settlement Class are bound by the terms of the Settlement Agreement.   As of the Effective Date, all Class Members shall conclusively be deemed to have released all settled claims as described in the Settlement Agreement, which provides: "Plaintiff, and all other Class Members who have not excluded themselves from the Settlement, hereby expressly release and forever discharge Defendants and all of their present, former, and future officers, directors, employees, shareholders, agents, predecessors, successors, assigns, parents, subsidiaries, affiliates, insurers, attorneys, heirs and legal representatives ("Releasees") of and from any and all Released Claims (as defined in Section 19) and agree that they shall not now or hereafter initiate, maintain, or assert against any of the Releasees any causes of action, claims, rights, demands, or claims for equitable, legal, and/or administrative relief connected with, arising out of, or related to the Released Claims in any court or before any administrative body (including any state department, regulatory agency, or organization), tribunal, arbitration panel, or other adjudicating body"  Notwithstanding the foregoing, no claims are released hereunder for personal bodily injury or any claim arising out of any personal bodily injury claim arising out of or in connection with the use, maintenance or ownership of the S2208 or S2210 ladders, including, but not limited to, claims for mental distress, loss of consortium, and medical expenses.

8.      As of the Effective Date, Plaintiff and all Class Members, except those listed on Exhibit A, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against Defendants and the Releasees,

[PROPOSED] ORDER AND FINAL JUDGMENT (1) GRANTING FINAL APPROVAL OF
CLASS SETTLEMENT; (2) FINALLY CERTIFYING SETTLEMENT
CLASS; AND (3) FINALLY APPROVING THE PROPOSED
NOTICE PLAN AND FORMS OF NOTICE - 13

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1  and any such Class Members shall have released any and all Released Claims as against

2  Defendants and the Releasees.

3      9.      All Class Members, except those listed on Exhibit A, are hereby forever barred

4  and enjoined from filing, commencing, prosecuting, intervening in, continuing or participating

5  as a plaintiff, claimant or class member in any lawsuit or administrative, regulatory, arbitration,

6  or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and

7  causes of action, or the facts and circumstances alleged in the *Clemans* Action and/or relating

8  to Released Claims.  The Settlement Agreement and this Order are binding on and have res

9  judicata and preclusive effect in all pending and future lawsuits or other proceedings

10  encompassed by the Release maintained by or on behalf of Plaintiff and all Class Members, as

11  well as their heirs, executors and administrators, successors and assigns.

12      10.      Neither this Order nor any aspect of this settlement is to be construed or deemed

13  an admission of liability, culpability, negligence, or wrongdoing on the part of any Defendant.

14  In particular, and without limiting the generality of the foregoing, nothing in this Order or in

15  this settlement shall be offered or construed as an admission of, or evidence of, liability,

16  wrongdoing, impropriety, responsibility or fault whatsoever by Defendants or their employees

17  and agents.  In addition, and also without limiting the generality of the foregoing, nothing about

18  this Order or the settlement shall be offered or construed as an admission or evidence of the

19  propriety or feasibility of certifying a class in any other action for adversarial, rather than

20  settlement, purposes.

21      11.      Defendants and Defendants' counsel shall have no liability whatsoever for any

22  acts or omissions of the Settlement Administrator or Class Counsel other than to pay for the

[PROPOSED] ORDER AND FINAL JUDGMENT (1) GRANTING FINAL APPROVAL OF
CLASS SETTLEMENT; (2) FINALLY CERTIFYING SETTLEMENT
CLASS; AND (3) FINALLY APPROVING THE PROPOSED
NOTICE PLAN AND FORMS OF NOTICE - 14

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  costs and expenses of the Settlement Administrator in disseminating the Class Notice and

2  administering the Settlement.

3      12.   Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk shall

4  enter final judgment dismissing this action on the merits with prejudice and without costs or

5  attorney fees to any party (except as otherwise provided in this Court's Order Granting Class

6  Counsel's Application For Award of Attorneys' Fees and Expenses and Incentive Award to the

7  Named Plaintiff), there being no just reason for the delay in the entry of this Order and Final

8  Judgment. The claims that are thereby dismissed shall include all claims encompassed by the

9  release set out in the Settlement Agreement.

10     13.   The dismissal of this case is without prejudice to the rights of the parties to

11 enforce the terms of the Settlement Agreement and the rights of Class Counsel to seek attorney

12 fees, costs, and service awards to the named Plaintiffs as provided in the Settlement

13 Agreement. Without affecting the finality of this Order, or the judgment to be entered pursuant

14 hereto, in any way, the Court retains jurisdiction over Plaintiff, the Class Members and

15 Defendants as to all matters relating to the administration, consummation, enforcement, and

16 interpretation of the terms of the Settlement, the Settlement Agreement, including the Release,

17 this Order, and for any other necessary purposes.

18     **IT IS SO ORDERED.**

19 DATED this 22nd day of November, 2013

20

21

22

23

24 Ronald B. Leighton
   United States District Judge

25

26

[PROPOSED] ORDER AND FINAL JUDGMENT (1) GRANTING FINAL APPROVAL OF
CLASS SETTLEMENT; (2) FINALLY CERTIFYING SETTLEMENT
CLASS; AND (3) FINALLY APPROVING THE PROPOSED
NOTICE PLAN AND FORMS OF NOTICE - 15

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1 Presented by:

2 By: /s/ Kim D. Stephens
Kim D. Stephens, WSBA #11984
3 TOUSLEY BRAIN STEPHENS, PLLC
1700 Seventh Avenue
4 Suite 2200
Seattle, Washington 98101-4416
5 Phone: (206) 682-5600
Fax: (901) 682-2992
6 Email: kstephens@tousley.com

7

8 By: /s/ Frank L. Watson, III
Frank L. Watson, III (admitted pro hac vice)
9 William F. Burns (admitted pro hac vice)
WATSON BURNS, PLLC
10 253 Adams Avenue
Memphis, Tennessee 38103
11 Phone: (901) 529-7996
Fax: (901) 529-7998
12 Email: fwatson@watsonburns.com
Email: bburns@watsonburns.com
13

14 By: /s/ Paul C. Peel
Paul C. Peel (admitted pro hac vice)
15 Malcolm B. Futhey III (admitted pro hac vice)
FARRIS BOBANGO, PLC
16 253 Adams Avenue
Memphis, Tennessee 38120
17 Phone: (901) 259-7100
Fax: (901) 259-7150
18 Email: ppeel@farris-law.com.
Email: mfuthey@farris-law.com
19

20 By: /s/Stewart D. Matthews
Stewart D. Matthews (admitted pro hac vice)
21 S.D. MATTHEWS & ASSOCIATES
2222 West Spring Creek Parkway
22 Ste 101
Plano, Texas 75023
23 Phone (972) 398-6666
Fax (972) 398-6634
24 Email: productslawyer@aol.com
25

26 Counsel for Plaintiff Lloyd Clemans,
and the Settlement Class Members

[PROPOSED] ORDER AND FINAL JUDGMENT (1) GRANTING FINAL APPROVAL OF
CLASS SETTLEMENT; (2) FINALLY CERTIFYING SETTLEMENT
CLASS; AND (3) FINALLY APPROVING THE PROPOSED
NOTICE PLAN AND FORMS OF NOTICE - 16

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1

By: /s/ Fred Burnside, WSBA #32491
Fred Burnside, WSBA #32491

2

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200

3

Seattle, Washington  98101-3045
Telephone:  (206) 622-3150

4

Facsimile:  (206) 757-7700
Email: fredburnside@dwt.com

5

6

7

By: /s/ Christopher M. Murphy
Christopher M. Murphy (admitted *pro hac vice*)

8

MCDERMOTT WILL & EMERY
227 West Monroe Street

9

Chicago, Illinois 60606-5096
Phone: (312) 984-3607

10

Facsimile: (312) 984-7700

11

Email: cmurphy@mwe.com

12

*Counsel for Defendants*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER AND FINAL JUDGMENT (1) GRANTING FINAL APPROVAL OF
CLASS SETTLEMENT; (2) FINALLY CERTIFYING SETTLEMENT
CLASS; AND (3) FINALLY APPROVING THE PROPOSED
NOTICE PLAN AND FORMS OF NOTICE - 17

1

**EXHIBT A – LIST OF INDIVIDUALS EXCLUDED FROM THIS ACTION**

2

1.      James H. Bandish

3
100 Maplewood Avenue
Carmichales, PA. 15320.

4

2.      John Bellinger

5
751 Newburg Place
Westerfield, IN. 46074

6

7

3.      John Simpson

318 W. Pleasant Drive

8
Pierre, SD 57501

9

4.      David Ungacta

10
1343 E. Anastasia Street
San Tan Valley, AZ 85104

11

12

5.      Lester L. Leslie
8511 27th Ave. SE

13
Olympia, WA  98513

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER AND FINAL JUDGMENT (1) GRANTING FINAL APPROVAL OF
CLASS SETTLEMENT; (2) FINALLY CERTIFYING SETTLEMENT
CLASS; AND (3) FINALLY APPROVING THE PROPOSED
NOTICE PLAN AND FORMS OF NOTICE - 18

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992